Richard DENVER and Rita Denver, husband and wife,

v.

Catherine H. FORBES.

Civ. A. No. 25123.

United States District Court
E. D. Pennsylvania.

Nov. 28, 1960.

Albert C. Gekoski, Philadelphia, Pa., for plaintiffs.

Krusen, Evans & Shaw, by T. E. Byrne, Jr., Philadelphia, Pa., for defendant.

WOOD, District Judge.

### Discussion Part I

This case, tried without a jury, came before us captioned Richard Denver and Rita Denver, husband and wife, v. Catherine H. Forbes by virtue of an Order of Chief Judge Ganey, dated August 18, 1960. D.C., 26 F.R.D. 614. During the trial and subsequently in his "Memorandum for Defendant Sur Pleadings and Proof" defendant vigorously argued that the Court has no jurisdiction over Catherine H. Forbes, since she was never, in fact, served and because no agency was proved as between Catherine P. Forbes and Catherine H. Forbes: As the record will indicate, Catherine P. Forbes is the mother of Catherine H. Forbes, the initial "P" of the mother standing for Paterson and the initial "H" of the child standing for Hansell. Counsel has persistently argued that we should dismiss the case for want of jurisdiction, notwithstanding the aforesaid opinion and Order of Chief Judge Ganey. What he would have us do in effect is to overrule our colleague, which we would not do under the circumstances in this case and, in fact, are not permitted to do. The Opinion and Order of the Chief Judge need not be repeated here and speaks clearly and concisely for itself. The effect of his judicial act placed the case at issue for trial as between the alleged minor defendant, Catherine H. Forbes,

and the plaintiffs. Parenthetically, there is no proof before us at this time as to whether or not Catherine H. Forbes is still a minor. Judge Ganey suggested in his Opinion that one of her parents might eventually be appointed guardian ad litem for her. However, on motion of the plaintiffs we, at the conclusion of the trial and having in mind the contentions of the defendant, appointed Louis C. Bechtle, Esq., a member of this Court, guardian ad litem to protect her interests. He in a diligent manner has appeared before the Court and indicated quite clearly that he was not waiving any of her rights in this action. If, in fact, she is a minor, her legal rights as such will be amply protected.

## Discussion Part II

We have here a rear end collision in which the negligence of the operator of the car, Catherine H. Forbes, was proved beyond peradventure. The vehicle being operated by the plaintiff Rita Denver was stopped in its proper place on the highway when struck by the car operated by the defendant and clearly without contributory negligence of any kind on the part of the plaintiff. There was not the slightest justification for the striking by the defendant and as a matter of fact and law, the operation of her vehicle was the proximate cause of subsequent injuries to the person of the plaintiff Rita Denver and the vehicle which she was operating. It was admitted and proved that in September of 1955, the plaintiff Rita Denver had been involved in another accident causing injuries to the structural formation of her neck and that she had suffered as a result of those injuries either continuously up to July 3, 1957, the date of the accident here involved, or to some period immediately prior thereto. The testimony in this regard was not conclusive. Plaintiff and her witnesses would tend to prove that she had at least substantially recovered, if not entirely, from the incident of 1955. Defendant, on the other hand, attempted to prove that she had not recovered and that the condition of which she presently complains is attributable entirely to the original injury and was not caused by the trauma of 1957.

Defendant argues that the physical condition, obvious to the Court at the trial, was diagnosed by Dr. Stein as relating back to an injury of one of the cervical discs predating the accident of July 3, 1957. On the other hand, plaintiffs argue, and their medical testimony supports their contention, that Mrs. Denver had virtually fully recovered from the injuries of 1955 and was symptom-free in June of 1957. Their medical testimony would lead us to believe that the injuries which she had sustained prior to that time were muscular in nature and that they were reactivated by the 1957 incident, and that there was a continual downward course in her physical condition following that which, as we have said, had been arrested prior to the accident.

In any event, we have no difficulty in finding that she did develop torticollis, that her condition has deterioriated continuously and that her present condition is one of a most serious nature, whether caused by injury to the muscles of the neck or because of injury to the bony structure described by defendant's doctors as a disc injury of long duration.

The medical testimony in this case was long, involved and interesting. We feel it our duty to approach it as a jury would and to attempt to determine what facts are admitted, credible and proven. Of this we can be sure. The woman suffered a severe injury in 1955. Whether she was completely or partially recovered in 1957, she suffered a severe injury again. It would be ridiculous to conclude that having passed through the injuries of 1955 and being injured again in 1957 that there was no causal connection between the latter incident and her present condition, whether the original injury was to the disc or to the muscles. After carefully listening to the testimony, examining the record and studying the briefs of counsel, we can come to no other conclusion but that the incident of 1957 at least seriously aggravated a then presently existing condition.

■ We are somewhat impressed also by the testimony of the doctors on both sides that a great deal of the problems that this woman is having are perhaps due to her mental attitude, but this would not preclude her from recovering in our opinion.

At the present time the plaintiff is compelled to wear neck braces continuously, even when she sleeps. She has intermittent attacks of muscular spasms and continuous pain of varying degrees. As aforesaid, she has developed torticollis or what is commonly known as a wry neck, which is admittedly incurable in its present advanced stage. We are not unmindful that had the accident of 1957 not occurred, she might have developed many of the symptoms which she now has, notwithstanding that misfortune. It is that fact which makes it difficult to ascertain what is just compensation to this woman under these circumstances. We do hold that she and her husband are entitled to verdicts in their favor, in amounts hereinafter stated.

Findings of Fact

1. The plaintiffs are residents of New Jersey; the defendant Catherine H. Forbes is a resident of the State of Pennsylvania.

■ 2. On July 3, 1957, the plaintiff, Rita Denver, was stopped in her automobile at the intersection of Railroad Avenue and County Line Road in Bryn Mawr. She was struck in the rear by the automobile driven by the defendant, Catherine H. Forbes. As a result of the impact, plaintiff's head snapped back and she felt immediate pain in her neck.

■ 3. Prior to the accident of July 3, 1957, plaintiff Rita Denver had been hurt in a fall and had sustained back and neck injuries. This accident occurred in September of 1955. Plaintiff had been treated by Dr. Francis J. Bonner for pain in the low back and neck, and under his treatment her symptoms had gradually decreased. She had worn a neck brace collar and a low back brace after the first accident up until the fall of 1956. By June 13, 1957, a month before the second accident, she had reached a plateau in her recovery. She still suffered from intermittent pain and muscle spasms and a weakness of the neck muscles. However, she was able to pursue her normal daily routine without any great degree of discomfort or disability.

4. Had it not been for the accident of July 3, 1957, plaintiff Rita Denver would have continued to have symptoms of pain and muscle spasms in her neck. These symptoms, to some extent, are the result of underlying neuroses, in no way connected with any accident or trauma.

5. The accident of July 3, 1957, aggravated, reactivated, and greatly intensified the residual weaknesses of plaintiff's neck. Although the physical organic injury sustained by plaintiff as a result of the second accident was not different in kind from the type of injury sustained in the first accident, the second trauma so weakened the already weak neck muscles and caused such pain, that a vicious circle was drawn: The pain caused the neck muscles to go into spasms of contraction; the plaintiff's mind focused more and more upon the pain and the condition of her neck; and the morbid dwelling of her mind upon the area served only to increase the pain and the spasms.

6. The present condition of the plaintiff is as follows: She has a pronounced torticollis of the neck; that is, the head is tilted to one side all of the time. She wears a neck brace twenty four hours a day. She has almost constant pain, often much more severe at night. The pain increases in intensity when the neck muscles go into spasms. Plaintiff can no longer do her housework nor pursue her ordinary daily routine. The medical explanation of these symptoms is largely as described in Finding Number Five. That is, the pain of the injured neck muscles causes them to spasmodically contract. The situation is complicated by neurotic tendencies of the plaintiff.

7. Since the accident of July 3, 1957, the plaintiff's condition has steadily worsened.

8. Plaintiff's present condition will never greatly improve. The medical prognosis is a lifetime of severe attacks of muscle spasms of the neck accompanied by severe pain. The torticollis is incurable. The neck braces will have to be worn throughout plaintiff's life.

9. The accident of July 3, 1957, was a substantial factor in producing the symptoms of plaintiff from that date to the present, and in creating the present condition of plaintiff, together with her distressing prognosis.

10. The plaintiff Rita Denver is presently forty years old. She is partially permanenty disabled. The accident of July 3, 1957, was a substantial factor in causing the partial permanent disability.

### Conclusions of Law

1. The Court has jurisdiction over the subject matter of the controversy because of the diversity of citizenship of the parties and because the amount in controversy, exclusive of interest and costs, exceeds $10,000. The Court has jurisdiction over the parties, that question having been judicially resolved by Chief Judge Ganey. (See Opinion of Judge Ganey, filed August 19, 1960).

2. The accident of July 3, 1957, was caused by the negligence of the defendant Catherine H. Forbes.

3. The plaintiff, Rita Denver, was not contributorily negligent.

4. The aforesaid negligence of the defendant Catherine H. Forbes was the proximate cause of the injuries sustained by plaintiff Rita Denver and the later development of her present physical condition.

5. The plaintiff, Rita Denver, is entitled to be compensated in damages for the following as they are attributable to the accident of 1597:

a. Past pain, suffering, and mental anguish from July 3, 1957.

b. Future pain, suffering, and mental anguish.

c. Permanent partial disability resulting in loss of life's pleasures.

6. The plaintiff, Richard Denver, is entitled to be compensated in damages for the following:

a. Past medical expenses incurred from July 3, 1957, for the treatment of his wife.

7. A reasonable award compensating the plaintiff Rita Denver for the above is $17,500.

8. A reasonable award compensating plaintiff Richard Denver for the above is $2,215.50.

An order may be submitted accordingly.