Richard **DENVER** and **Rita** Denver, husband and wife

v.

Catherine P. **FORBES.**

Civ. A. No. 25123.

United States District Court
E. D. Pennsylvania.

Aug. 19, 1960.

See also 189 F.Supp. 575.

Albert C. Gekoski, Philadelphia, Pa., for plaintiffs.

Thomas E. Byrne, Jr., Philadelphia, Pa., for defendant.

GANEY, Chief Judge.

This case is before us on a motion for leave to amend the complaint by substituting the name of Catherine H. Forbes in the place of the named defendant, Catherine P. Forbes,[1] and in the alternative for an order of this court estopping the named defendant from denying that she was not the driver involved in the accident.

On July 3, 1957, Rita Denver, with her daughter, Bonny, as a passenger, was driving an automobile on Railroad Avenue, Bryn Mawr, Pennsylvania, when it was struck by a car driven by Catherine Hansell Forbes. The owner of the car was Catherine Patterson Forbes, the mother of the driver. At the time of accident, Catherine Hansell Forbes was operating the car without a driver's license or an owner's permit. She gave her name as Catherine Forbes, stated that the car was owned by her father, William I. Forbes, and that they lived at 846 Maplewood Avenue, Wayne, Pennsylvania.

By letter dated August 16, 1957, addressed to Catherine Forbes, the plaintiffs' attorney stated that he represented Mrs. Denver concerning the accident on July 3, 1957. Several months later, an adjuster of The Aetna Casualty and Surety Company, the insurer of Catherine Patterson Forbes, called in connection with her car. At his request, Mrs. Denver submitted to a medical examination by a doctor obtained by The Aetna Company. The latter endeavored to settle the matter. During the negotiations, which lasted until March of 1958, The Aetna Company sent copies of releases to plaintiffs' attorney to be signed by Rita Denver and her husband. The releases named Catherine Patterson Forbes as the person whose liability was to be discharged. In addition, correspondence from the claim department of The Aetna Company to plaintiffs' attorney referred to Catherine Patterson Forbes as the insured and Rita Denver as the claimant. The settlement offer was not accepted by the plaintiffs and The Aetna Company was so notified.

On July 31, 1958, Richard Denver and his wife, Rita, brought the action involved here naming Catherine P. Forbes (the middle initial standing for Patterson) as the defendant, for damages resulting from the automobile accident on July 3, 1957. Service was made on the named defendant on August 13, 1958, by a Deputy Marshal leaving a copy of the summons and complaint at her home at 846 Maplewood Avenue, Wayne, Pennsylvania, where she lives with her husband and daughter. Paragraph 3 of the complaint avers: "At the time and place aforementioned, defendant was operating a vehicle owned by William I. Forbes and proceeding on Railroad Avenue and did crash into the rear of an automobile driven by wife plaintiff causing her to suffer severe painful injury as will be

---

1. Actually, the motion is for leave to amend the caption of this case, by changing the initial in defendant's name from "P." to "H." so that the defendant's name shall read: Catherine H. Forbes.

It is not a question of correcting the spelling of defendant's name. Catherine P. Forbes and Catherine H. Forbes are the names of two different people.

more fully set forth hereinafter." The answer to the complaint filed on September 2, 1958, after making a bald general denial of the averment set forth in paragraph 3 of the complaint, claimed that the wife plaintiff was contributorily negligent and that this court lacked jurisdiction without setting forth the grounds.

The action was set down for pre-trial. Plaintiffs' pre-trial memorandum was filed on April 1, 1959. This Court's standing order of October 23, 1958, required each defendant to file its pre-trial memorandum within thirty days after the filing of plaintiffs' memorandum. By letter dated July 24, 1959, the Clerk of this Court notified defendant's counsel that unless he filed his pre-trial memorandum within ten days, sanctions would be imposed by the Court. Defendant's counsel filed a pre-trial memorandum on August 3, 1959, two years and one month after the automobile accident.[2] In pertinent part the memorandum stated: "It is admitted that the accident happened substantially as alleged by Plaintiffs in their Pre-Trial Memorandum. However, Catherine P. Forbes was not operating the automobile at the time, and was in no way responsible for its operation, nor was it being operated on her business or for her benefit. This was indicated at the time Defendant filed its answer, in which the capacity of the operator of the vehicle as agent for the owner was denied. Therefore, there can be no liability as regards Catherine P. Forbes * * *."

On September 2, 1959, plaintiffs filed their motion for leave to amend the caption. Three months later affidavits were filed by both sides and thereafter plaintiffs filed their alternative motion.

Defendant's denial to paragraph 3 of plaintiffs' complaint is to receive the same consideration that Judge Van Dusen gave to a similar denial in the case of Zielinski v. Philadelphia Piers, Inc., D.C. E.D.Pa.1956, 139 F.Supp. 408, 411 to 413. However, inasmuch as service on the presently named defendant would have been valid service upon Catherine Hansell Forbes, the same insurance company is involved no matter whether the mother or daughter is sued. That the insurance company was aware of the actual facts well within the two-year period after the accident, and that no harm will be done if the daughter is substituted for the mother as defendant in the action is plainly evident. We think the direct remedy rather than the indirect by estopping the named defendant from speaking the truth should be used. As a matter of fact at the time of the accident, Catherine Hansell Forbes was a minor. If she is still a minor after she has been substituted as party defendant, one or both of her parents, in all probability, will be appointed her guardian *pendente lite* to defend the action.

Accordingly, on this 18th day of August, 1960, it is ordered by this court that the name Catherine H. Forbes be, and the same is hereby, substituted for the named defendant, Catherine P. Forbes.

---

2. In Pennsylvania, the statute of limitations governing the right of action for the type of injury set forth in the complaint is two years.