**Alfred S. ATKINS, Jr. and Rosemarie C. Atkins, Appellants,**

v.

**DeHAVILLAND AIRCRAFT COMPANY OF CANADA, LTD., Appellee.**

**No. S–252.**

Supreme Court of Alaska.

May 10, 1985.

Mark A. Sandberg, Camarot, Sandberg, Hunter & Smith, Anchorage, for appellants.

Steven S. Tervooren, Frank A. Pfiffner, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

**1.** *Atkins v. Ehredt,* No. 4FA–79–1549 Civil.

**2.** *Walters v. DeHavilland Aircraft,* No. 2NO–80–172 Civil.

## OPINION

COMPTON, Justice.

This is an appeal from a summary judgment for a manufacturer against an injured aircraft passenger based on the statute of limitations. The superior court found that passenger's amended complaint does not relate back to its date of filing under Civil Rule 15(c) because there was no mistake as to the manufacturer's identity and passenger may not intervene as a plaintiff in a consolidated case when there is no identity of interest with the existing plaintiff. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 1978, a Twin Otter aircraft manufactured by DeHavilland Aircraft of Canada, Ltd. (DeHavilland) crashed in Barrow. M.O. Ehredt, d/b/a Arctic Guide Air Taxi (Ehredt), owned the aircraft, which was piloted by Ehredt's employee, Patrick Charles Walters (Walters), who died in the crash. Alfred S. Atkins (Atkins) was a passenger injured in the crash.

In 1979, Atkins filed suit against Ehredt and Walters, but did not name DeHavilland as a party defendant and did not assert a products liability claim against anyone.[1] In 1980, Walters sued Ehredt and DeHavilland alleging negligence claims against both and a strict products liability claim against DeHavilland.[2] The two year tort statute of limitations expired in October 1980. The Atkins and Walters actions were consolidated in June 1982.[3] Ehredt and DeHavilland each cross-claimed for contribution and indemnity for any liability resulting from Walters' claim. In August 1982, Ehredt cross-claimed against DeHavilland for indemnity and contribution for

**3.** The consolidated caption is *In re Barrow Air Crash,* October 13, 1978, 3AN–81–2321 Civil. The court later ordered that the two cases be tried separately. *The Atkins v. Ehredt* action is presently set for trial in October 1985.

any amount Atkins might recover against Ehredt.

In December 1982, more than four years after the accident, Atkins sought leave to file an amended complaint dropping Atkins' claim against Walters and adding a products liability "cross-claim" against DeHavilland. DeHavilland moved for partial summary judgment on Atkins' claim based on the statute of limitations. The superior court granted DeHavilland's motion, concluding that Rule 15(c) did not allow Atkins' claim to relate back, and entered a Rule 54(b) judgment for DeHavilland against Atkins. Atkins appeals.

## II. RELATION BACK

Atkins argues that his claim against DeHavilland relates back to the filing of his complaint against Ehredt and Walters under Alaska R.Civ.P. 15(c). Civil Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

DeHavilland argues that the amendment changes the party against whom a claim is asserted and therefore relates back only if (1) it arose from the same occurrence, (2) DeHavilland had notice of the *Atkins v. Ehredt* action before the statute of limitations expired and was not prejudiced by Atkins' delay and (3) DeHavilland knew it would have been named defendant had Atkins not made a mistake concerning its identity. The "mistaken identity" requirement is the only one at issue. We have not yet interpreted this Rule 15(c) requirement; two distinct lines of authority exist in other jurisdictions.

The expansive interpretation finds a mistake "whenever a party who may be liable for the actionable conduct alleged in the Complaint was omitted as a party defendant." *Williams v. Avis Transport of Canada*, 57 F.R.D. 53, 55 (D.Nev.1972). *Accord, Taliferro v. Costello*, 467 F.Supp. 33 (E.D.Penn.1979); *Swartz v. Gold Dust Casino*, 91 F.R.D. 543 (D.Nev.1981). Under this approach, Atkins argues the amendment relates back to his complaint since the claims arose from the same occurrence.

The strict precedent indicates that the party seeking to amend must have made a true mistake concerning the identity or name of the proper party. *Norton v. International Harvester*, 627 F.2d 18 (7th Cir.1980). A tactical decision, for instance, to omit a possible defendant bars the application of the relation back doctrine when a claim is later added against the omitted party. *Gutierrez v. Raymond International*, 86 F.R.D. 684 (S.D.Tex.1980). Under this approach, Atkins' amendment does not relate back, because Atkins offered no evidence that he made a mistake concerning DeHavilland's identity.

The relation back requirements are construed strictly when the amendment adds a new party. *Adkins v. Nabors Alaska Drilling*, 609 P.2d 15 (Alaska 1980). However, a cross-claim between two defendants does relate back, even absent a mistake concerning the identity of the cross-claim defendant. *Estate of Thompson v. Mercedes-Benz*, 514 P.2d 1269 (Alaska 1973).

We conclude that the policies behind the statute of limitations are best served by adopting the conservative approach as the law in Alaska. Atkins' amended complaint asserting a claim against DeHavilland does not relate back because Atkins did not

show any mistake concerning DeHavilland's identity.[4]

## III. INTERVENTION

Atkins also argues that the amendment should be viewed as an attempt to intervene as a party plaintiff in *Walters v. DeHavilland Aircraft*. Walters' complaint asserted a products liability claim against DeHavilland, so Atkins reasons that Civil Rule 15(c) requires only that the claim arise from the same conduct, transaction, or occurrence set forth in Walters' original pleading.[5] *Jakoski v. Holland*, 520 P.2d 569 (Alaska 1974); *Burns v. Anchorage Funeral Chapel*, 495 P.2d 70 (Alaska 1972).

Atkins' reliance on *Jakoski* and *Burns* is misplaced. *Jakoski* involved a derivative claim of loss of consortium; *Burns* an amendment adding the decedent's next of kin as plaintiff in a suit brought by the administrator. We refuse to extend these narrow decisions to allow a total stranger to the original plaintiff to avoid the statute of limitations by intervening in a suit timely filed.

The order of the superior court granting DeHavilland's motion for partial summary judgment based on the statute of limitations is therefore AFFIRMED.

---

**4.** We also note that Atkins' complaint against Ehredt and Walters did not allege a products liability claim, which is the basis of the amended complaint against DeHavilland. Arguably, Atkins does not meet the threshold requirement that the amendment change a "party against whom a claim is asserted" since he asserted no products liability claim against Ehredt and Walters. *See, Jakoski v. Holland*, 520 P.2d 569 (Alaska 1974); *Burns v. Anchorage Funeral Chapel*, 495 P.2d 70 (Alaska 1972). We need not reach this issue.

**5.** Atkins did not argue that Rule 24 applies, nor do we see any basis for relief thereunder.