**Michael SIEMION, Julie Siemion, Chris Siemion and Scott Siemion, a minor, Appellants,**

**v.**

**Timothy RUMFELT, Appellee.**

**No. S–4399.**

Supreme Court of Alaska.

Feb. 14, 1992.

Bradley D. Owens, Jermain, Dunnagan & Owens, P.C., Anchorage, for appellants.

Daniel T. Quinn, Richmond & Quinn, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

### FACTS

On February 2, 1987, Jeffrey Rumfelt, then a minor, ran into the Siemions' vehicle while driving a vehicle owned by his father, Timothy Rumfelt. On January 19, 1989, Michael Siemion, Julie Siemion, Chris Siemion, and Scott Siemion (Siemions) filed a complaint against Timothy Rumfelt alleging personal injuries arising out of the February 1987 accident.[1] The complaint and summons were served on Timothy Rumfelt by registered mail. Attempts at settlement were unsuccessful and an answer to the complaint was filed on October 5, 1990.

Timothy Rumfelt then filed a Motion to Dismiss or for Summary Judgment, raising the failure to name Jeffrey Rumfelt as a defendant. Timothy Rumfelt argued that the only apparent theory of liability arose out of his status as either the owner of the vehicle or the father of the allegedly negligent driver. He further argued that one's status as either vehicle owner or parent does not give rise to vicarious liability unless there was some direct negligence in either entrusting one's vehicle to someone known to be incompetent, or in supervising one's child.

The Siemions opposed the Motion to Dismiss or for Summary Judgment, arguing that Timothy Rumfelt might bear liability under AS 28.15.071(b) if he had signed Jeffrey's driver's licence application. Alternatively, the Siemions pointed to AS 28.20.-050(a) (a section of the Motor Vehicle Safety Responsibility Act) which applied to both the driver and owner of a vehicle to suggest an alternative theory of liability against Timothy Rumfelt. Additionally, the Siemions moved to amend their complaint to add Jeffrey Rumfelt and Vicky Rumfelt as named defendants. The Siemions also requested that the proposed amendment relate back to the date the original complaint was filed and served upon Timothy Rumfelt, which was within the two-year statute of limitations prescribed by AS 09.10.070.

■ The Siemions' Motion to Amend Complaint was denied by the superior court on the basis that the Siemions failed

---

1. On January 9, 1989, Siemions' counsel sent a letter to Mr. Robinson, (the insurance adjuster handling the claim under the insurance policy issued to Timothy Rumfelt which covered both the automobile and Jeffrey Rumfelt as the driver of the automobile) concerning the Siemions' claims, and the necessity of filing a complaint prior to the expiration of the statute of limitations, or an agreement to extend the statute of limitations. In a note dated January 11, 1989, Mr. Robinson responded that he could not extend the statute of limitations, but advised Siemions' counsel to file the suit and "give me an open extension" by which to file an answer. Mr. Robinson sent Siemions' counsel a form letter confirming this agreement on January 25, 1989. The letter also identified Richmond & Quinn in Anchorage as the defense attorneys for Timothy Rumfelt and the insurance company.

to meet the requirements for relation back stated in *Farmer v. State*, 788 P.2d 43 (Alaska 1990). The new parties had no notice that they would be named as defendants, and in fact could assume to the contrary since their identities were known and they were not named. Contrary to the situation in *Farmer*, there was no "John Doe" defendant and there was fault on the part of the plaintiff in failing to name the proper parties. Vicky and Jeffrey Rumfeldt (sic) were entitled to rely on the statute of limitations under the circumstances of this case.

The Siemions moved for reconsideration. The motion was denied and the court then entered an order dismissing the Siemions' complaint with prejudice. The Siemions now appeal from the denial of their Motion to Amend Complaint.[2]

DISCUSSION

I. *Did the Superior Court Abuse its Discretion in Denying Siemions' Motion to Amend Their Complaint?*

The Siemions, citing *Farmer v. State*, 788 P.2d 43, 47 (Alaska 1990), argue that the requirements of Civil Rule 15(c) are to be liberally construed in order to reach the merits of a case and to ensure that no litigant is deprived of his day in court solely because of the intricacies and technical limitations of pleading. The Siemions further assert that the superior court failed to adhere to these principles and, in so doing, deprived them of their right to an adjudication on the merits.

Rumfelt argues that even under a liberal construction, all of Rule 15(c)'s requirements must be met before the relation back doctrine can override the statute of limitations. Rumfelt concludes that the superior court did not abuse its discretion in denying Siemions' motion to amend because that motion failed to meet all the requirements of Civil Rule 15(c).

Rule 15 of the Alaska Rules of Civil Procedure provides in part:

(c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

This court has adopted and reiterated the liberal amendment policy articulated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962):

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires".... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test this claim on the merits.... The leave sought should, as the rules require, be "freely given."

*Id.* at 182, 83 S.Ct. at 230 (*quoted in Magestro v. State*, 785 P.2d 1211, 1213 n. 5 (Alaska 1990); *Betz v. Chena Hot Springs Group*, 742 P.2d 1346, 1348 (1987), and *Wright v. Vickaryous*, 598 P.2d 490, 495 (Alaska 1979)). However, when the applicable statute of limitations has run, for an amendment to be allowable under Rule 15(c), the proposed amended pleading must "relate back" to the date of a timely origi-

**2.** Both parties agree that this court reviews a trial court's denial of a motion to amend a complaint under an abuse of discretion standard. *See Shooshanian v. Wagner*, 672 P.2d 455, 458 (Alaska 1983); *Estate of Thompson v. Mercedes–Benz, Inc.*, 514 P.2d 1269, 1271 (Alaska 1973). Under the abuse of discretion standard, a trial court's denial of a motion to amend will be reversed if this court is left with a "definite and firm conviction" that the trial court erred. *Betz v. Chena Hot Springs Group*, 742 P.2d 1346, 1348 (Alaska 1987).

nal pleading. *McCutcheon v. State,* 746 P.2d 461, 469 (Alaska 1987). *See* Alaska R.Civ.P. 15(c).[3]

In *Farmer v. State,* 788 P.2d 43, 49 (Alaska 1990), we adopted the requirements of the Rule 15(c) relation back doctrine as stated in *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986):

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

No dispute exists as to the first Rule 15(c) requirement since the claims against Jeffrey and Vicky Rumfelt arise out of the conduct set forth in the Siemions' original pleading against Timothy Rumfelt.

The Siemions assert that Jeffrey Rumfelt was placed on fair notice of the cause of action within the prescribed limitations period because the original complaint alleged that Jeffrey Rumfelt was involved in the accident with the Siemions and was responsible for the injuries and damages sustained by them as a result of the accident. The Siemions further contend that

> insofar as the allegations of the complaint assert claims against "Rumfelt" who is identified in the body of the complaint as *Jeffrey* Rumfelt, (R. 2) it is plainly reasonable to infer or assume that Jeffrey Rumfelt would have been advised by his father Timothy Rumfelt that a complaint had been received by him on or about January 24, 1989 involving claims arising out of the accident in which Jeffrey Rumfelt was involved with Siemion.[4]

This Court has previously stated that: [t]he identity of interest standard usually requires a nexus between the new and the old parties as to the subject of the

---

**3.** We have held that "Civil Rule 15(c) requirements are strictly construed when the amendment adds a new defendant." *McCutcheon,* 746 P.2d at 469 n. 16; (citing *Atkins v. DeHavilland Aircraft Co.,* 699 P.2d 352, 354 (Alaska 1985) and *Adkins v. Nabors Alaska Drilling Inc.,* 609 P.2d 15, 20–21 (Alaska 1980)). Since "the policies behind the statute of limitations are best served by adopting the conservative approach," the Siemions must fulfill all the requirements of Rule 15(c) for their amended complaint to relate back. *Atkins v. DeHavilland Aircraft Co.,* 699 P.2d 352 (Alaska 1985).

**4.** The Siemions also submit "that there is a sufficient identity of interest between Timothy Rumfelt, Jeffrey Rumfelt, Vicky Rumfelt and their insurer to charge the new defendant with constructive notice of the action within the two year statute of limitations period." The Siemions cite cases from other jurisdictions that have found "identity of interests" between the insurance company and the insured in similar circumstances. *See, e.g. Denver v. Forbes,* 26 F.R.D. 614, 616 (E.D.Pa.1960) (Plaintiffs were allowed to amend their complaint to substitute the name of their daughter in place of her mother as a new defendant because "the same insurance company is involved no matter whether the mother or the daughter is sued."); *Pontiff v. Baily,* 509 So.2d 451, 454 (La.App.

1987) (Rule 15(c) amendment allowed because insurance carrier was aware of allegations surrounding accident); *McKinley v. Bethel,* 147 Ariz. 72, 708 P.2d 753 (App.1985) (Rule 15(c) amendment allowing substituting son as named defendant in place of father because insurer aware of claim and in position to defend prior to expiration of limitations period.).

Timothy Rumfelt responds that the "identity of interest concept, a mechanism which establishes, in essence, constructive or imputed notice, must be carefully applied, however, to those circumstances in which the new and old parties share identical or nearly identical interests in the litigation." He asserts that Vicky Rumfelt and Jeffrey Rumfelt's interests are not identical to his; for instance:

> Timothy Rumfelt has asserted defenses successfully in this action which would not be available to Jeffrey who, unlike Timothy, was driving the accident vehicle and is subject to a direct negligence claim, or to Vicky, who, unlike Timothy, signed Jeffrey's driver's license application and against whom the Siemions have asserted a claim under AS 21.15.-071(b).

Timothy Rumfelt also asserts that the fact that Vicky and Jeffrey may share insurance coverage with Timothy does not give rise to an identity of interest because "they all face exposure beyond the limits of insurance coverage."

litigation and an analogous legal position within the case itself. *See* 3 J. Moore, *supra,* § 15.15[4.–1] at 15–160 n. 12. Where the new and the old party share the same attorney, imputed notice can readily be found and the dictates of Civil Rule 15(c) are nonetheless adhered to. *Farmer v. State,* 788 P.2d 43, 49 (1990).

Based on this record, we conclude that Jeffrey Rumfelt received sufficient notice of the subject claim. The facts show that Jeffrey had actual notice of the occurrence giving rise to the claim since he was directly involved in the accident. Jeffrey is mentioned in the original complaint as the operator of the vehicle. Further, the record shows that Jeffrey resided with his parents at the time of the accident. Thus, we believe it is reasonable to infer that Jeffrey had notice of the institution of the suit within the same time he would have known had he been a properly named defendant. Moreover, since Jeffrey was covered under his father's insurance policy, the evidence gathered by his insurer regarding the accident would be identical to that utilized were Jeffrey a named defendant.

Similarly, it seems reasonable to infer that Vicky Rumfelt received sufficient notice as to the subject of the litigation by virtue of her familial relation to both Timothy and Jeffrey. Moreover, the record indicates that Vicky is insured under the same insurance policy, and thus would be represented by the same attorney, fulfilling the identity of interest requirement.[5]

Timothy Rumfelt further asserts that the Siemions have failed to meet the "mistaken identity" requirement of Rule 15(c)(2). Rumfelt contends that Alaska case law favors a strict interpretation of the mistaken identity requirement. Under a strict approach, a party seeking to amend must have made a true mistake concerning the identity or name of the proper party. *Atkins v. DeHavilland Aircraft Co.,* 699 P.2d 352, 354 (Alaska 1985). "A tactical decision, for instance, to omit a possible defendant bars the application of the relation back doctrine when a claim is later added against the omitted party." *Id.* Rumfelt notes that a strict interpretation of the mistaken identity requirement was recently reaffirmed by this court in *Farmer v. State,* 788 P.2d 43 (Alaska 1990) in discussing *McCutcheon v. State,* 746 P.2d 461 (Alaska 1987):

> *McCutcheon* is not applicable to the issues in this case. In *McCutcheon,* the plaintiff *knew* the defendant's identity, but merely neglected to add that defendant to his original complaint.... *McCutcheon* did not utilize a "John Doe" pleading; rather *McCutcheon* had actual knowledge of the defendant's true identity. Our discussion in Footnote 18 of *McCutcheon* was premised on the fact that, where the identity of the defendant is known, the relation back doctrine and the imputed notice doctrine are extremely limited, if applicable at all.

*Farmer,* 788 P.2d at 48–49.

Timothy Rumfelt also asserts that "[t]he second prong of Rule 15(c)(2), that the proposed defendants knew or should have known that but for a mistake, they would have been named as defendants in the original complaint, has not been met." He argues that Jeffrey Rumfelt's identity was well known to the Siemions, and yet they did not sue him within the applicable two year limitations period. Similarly, Timothy Rumfelt contends that Vicky Rumfelt could

---

5. Vicky Rumfelt's alleged liability was predicated on AS 28.15.071(a) and (b), which provide:

> Application of minors. (a) The application of a person under the age of 18 years for an instruction permit or driver's license must be signed by the father, mother, guardian, or spouse who is 18 years of age or older, or if there is no parent, guardian, or spouse, then by another responsible adult who is willing to assume the obligation imposed under this section upon a person signing the application. The application must be signed and verified before a person authorized to administer oaths, or be signed in the presence of an authorized representative of the department. (b) Any negligence or wilful misconduct of a person under the age of 18 years when driving a motor vehicle in this state is imputed to the person who signed the application of the person for a permit or license, and that person is jointly and severally liable for damage caused by the negligence or wilful misconduct of the person under the age of 18 years, except as provided in (c) of this section.

not have known that the Siemions' failure to name her as a defendant was caused by a mistake in identity since Timothy Rumfelt was identified accurately in all respects.

The Siemions do not address the mistaken identity requirement of Rule 15(c)(2). Instead they argue that during negotiations,

> [a]t no time did Mr. Robinson, Timothy Rumfelt, or their attorneys ever indicate or suggest that the designation of Timothy Rumfelt as the defendant named in the caption on this action was improper or incorrect in any way. Indeed, there was little reason for that to occur since the allegations in the complaint identified Jeffrey Rumfelt as the driver of the automobile and the individual whose negligence resulted in the property damage and injury sustained by the Siemions.

Given the factual context in which the amendment arose, the Siemions argue that fairness requires that their amendment be allowed to relate back.

We conclude that Rumfelt's position is more persuasive than the Siemions' who offered no evidence that they made a mistake regarding identities of either Jeffrey or Vicky Rumfelt. *See Atkins v. DeHavilland Aircraft Co.,* 699 P.2d 352 (Alaska 1985). We have previously held that where the plaintiff knew the defendant's identity, but merely neglected to add that defendant to his original complaint, "the relation back doctrine and the imputed notice doctrine are extremely limited, if applicable at all." *Farmer v. State,* 788 P.2d 43, 49 (Alaska 1990). It appears that the Siemions neglected to add Jeffrey and Vicky as defendants although knowing their respective identities.

Thus we conclude that the superior court did not abuse its discretion in denying the Siemions' motion to amend. Here the Siemions have failed to meet the provisions of Civil Rule 15(c)(2) which require that they demonstrate that they were mistaken as to the identity of the proper parties and

that Jeffrey and Vicky Rumfelt knew or should have know that, but for such mistake, claims would have been brought against them.[6]

AFFIRMED.

COMPTON, Justice, concurring.

I agree with the court's legal analysis and resolution of the issue of "mistaken identity." Since this issue is dispositive, there is no reason to address the "notice" issue. I question whether the "notice" issue is even raised by Judge Katz's denial of the Siemions' Motion to Amend Complaint.

---

**6.** Inherent in our affirmance of the superior court's ruling is our conclusion that the Siemions' equitable estoppel argument lacks merit.