William J. SHAFFERY, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Jerome L. WINTERS, Senior Attorney, Department of Correctional Services State Office Building Campus Albany, New York, individually and in his official capacity, and All those Local Officials in the State of New York who are Charged with the Responsibility of Implementing the Policies hereunder set forth, Defendants.

No. 76 Civ. 1296.

United States District Court,
S. D. New York.

Oct. 29, 1976.

William J. Shaffery, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendants; Jill Schenkel, Asst. Atty. Gen., of counsel.

## MEMORANDUM

LASKER, District Judge.

This purported class action is brought by William J. Shaffery, *pro se*, a prisoner at Leesburg State Prison in Leesburg, New Jersey, against Jerome L. Winters, Senior Attorney in the New York State Department of Correctional Services, and other unnamed officials in that Department responsible for implementing the challenged policies. Shaffery alleges that the defendants have violated and are continuing to violate rights guaranteed by the First, Fifth, Sixth and Fourteenth Amendments to the Constitution. Jurisdiction is predicated on 28 U.S.C. § 1343(3) and (4) and 42 U.S.C. § 1983.

The defendants move to dismiss the complaint for lack of standing.

According to the allegations of the complaint and the affidavit annexed thereto, Shaffery works at the Leesburg Prison law library where he assists fellow prisoners in preparing and filing their various legal papers. In this capacity he has experienced particular difficulty gaining access to laws and rules of states other than New Jersey, which are not part of the prison law library. He has also become aware of instances in which prisoners in other states with pending matters in New Jersey have been foreclosed from asserting rights in their New Jersey cases due to a lack of information or access to information about New Jersey law while incarcerated elsewhere.

As a result of these experiences Shaffery conceived the notion of organizing interprison exchange of legal materials and assistance between prisoners in different states. In July, 1975 he wrote to the prison law libraries at the Attica and Ossining Correctional Facilities in New York and proposed such reciprocal assistance agreements. The letters were intercepted by corrections officials and forwarded to the defendant Winters, who informed Shaffery by letter of August 4, 1975 that prisoners in New York would not be permitted to participate in Shaffery's proposal.

The primary thrust of the complaint is that defendants' actions deny the prisoners' rights to obtain legal assistance from each other under *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) and hamper exercise of their right to proceed *pro se* pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). (First Cause of Action) The Complaint singles out for particular attack the

refusal to allow prisoners to communicate in order to seek and grant legal assistance (Second Cause of Action) and the policy of inspecting mail which relates to such assistance. (Third Cause of Action)

The defendants contend that Shaffery, an inmate in a New Jersey institution, lacks standing to complain of a New York prison policy because he has not been injured and is not threatened with injury as a result of the policy, nor has he alleged a violation of any of his constitutional rights. Moreover, they insist that he is not entitled to maintain suit as a class action because he is not a member of the class he seeks to represent, namely, all prisoners incarcerated in New York State. For reasons of our own we agree that the class allegations must be stricken; and with one important exception, we agree that Shaffery lacks standing to assert the claims stated in the complaint.

*Class Action*

It is not entirely clear that, as the defendants maintain, Shaffery purports to sue only on behalf of all New York State prisoners. The complaint avers that he sues on behalf of

"all persons presently or formerly incarcerated who are subject to unlawful and unconstitutional procedures while confined in state penal institutions and subject to regulations promulgated within the respective department of Correctional Services, and more specifically as enforced by the named defendants herein." (¶ 5)

This language could be interpreted to assert a claim on behalf of all prisoners everywhere who suffer under similarly restrictive policies. More moderately, it may reasonably be read as stating a claim for all New Jersey inmates who would like to give or receive assistance in New York matters, in addition to their New York counterparts. Under the latter interpretation, Shaffery appears to be a member of the class he seeks to represent.

Entirely apart from questions of standing, however, there is another reason why the suit may not be maintained as a class action. A basic requirement of all class actions is that the named plaintiff can fairly and adequately represent the class. Rule 23(a)(4), Federal Rules Civil Procedure. One of the most important considerations in this regard goes to the qualifications and expertise of plaintiff's counsel. See, e. g., *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968). As the work of a *pro se* litigant, the pleadings, affidavits, exhibits and memoranda prepared by Shaffery thus far have been commendable. With due respect for his skills as a jailhouse lawyer, however, it would be improper to permit Shaffery, a *pro se* litigant who is not an attorney and who labors under the restrictions of incarceration, to litigate as a class action a question as significant as that raised by the complaint. See *Jeffery v. Malcolm*, 353 F.Supp. 395, 397 (S.D.N.Y. 1973). The consequences of such a suit are far reaching because the judgment is binding on all class members. Accordingly, the case cannot properly be treated as a class action and the class action allegations are stricken.[1]

*Standing*

As the previous discussion suggests, we believe the complaint raises a legitimate and serious question regarding the constitutional rights of prisoners.[2] The affidavits

---

1. The propriety of class action certification may be considered by the court on its own initiative at any appropriate juncture in the lawsuit. *Jeffery v. Malcolm, supra,* 353 F.Supp. 396–97; *Weisman v. MCA, Inc.,* 45 F.R.D. 258, 260 n. 1 (D.Del.1968); 7A Wright & Miller, Federal Practice and Procedure, Civil § 1785 at 128 (1972).

2. It is true that our Court of Appeals has parenthetically stated that *Johnson v. Avery* does not

"sanction inter-prison legal aid among prisoners." *Sostre v. McGinnis,* 442 F.2d 178, 201 n. 45 (2d Cir. 1971), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972), 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972). As Shaffery correctly suggests, however, both the precise meaning of these words and their continued validity in light of more recent developments are open to question.

annexed to Shaffery's motion papers well illustrate that prisoners who have pending legal matters in other jurisdictions are at least from time to time deprived of opportunities for prompt judicial determination in the foreign states to which they are entitled, and in some cases they find that their rights have been forfeited. Moreover, it occurs more often than not that the law library at the institution in which a prisoner is held does not have the materials necessary to assist him in· dealing with out of state matters. Nevertheless the merits of a case are irrelevant to the determination of a litigant's standing to sue.

■ In its constitutional dimension the concept of standing raises fundamental questions regarding a court's power to entertain a lawsuit. This aspect of standing looks to

> "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .' *Linda R. S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). *See Data Processing Service v. Camp*, 397 U.S. 150, 151–154, 90 S.Ct. 827, 829–830, 25 L.Ed.2d 184 (1970)." *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

It asks whether the plaintiff has alleged "a distinct and palpable injury to himself" as a result of the alleged illegality. *Warth v. Seldin, supra*, 422 U.S. at 501, 95 S.Ct. at 2206. See *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). Absent allegations of such injury, a complaint fails to present a justiciable controversy.

■ Applying this principle to Shaffery's contentions, it is apparent that the complaint must in large part be dismissed. The only injury Shaffery claims to have sustained is interference with his attempt to communicate with the prisoners at Attica and Sing Sing to propose the reciprocal assistance plan, to offer his help and to request theirs in return. He does not claim that his own access to courts or legal information, or his right to proceed *pro se* have been denied or imperiled by the defendants' actions. Nor does he state that he has suffered any punishment as a result of his efforts. Contrast, e. g., *Johnson v. Avery, supra*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718. In short, that portion of the complaint addressed to notions of due process, equal protection and the right to counsel guaranteed by the Fifth, Sixth and Fourteenth Amendments sets forth no "distinct and palpable injury" to Shaffery which entitles him to assert these claims. The situation would be otherwise, for instance, if Shaffery himself had a legal matter in New York in reference to which he sought assistance.

■ However, to the extent that Shaffery complains of the defendants' interference with his rights to communicate and offer his proposal of mutually beneficial association to the New York prisoners, he asserts a constitutional claim which rests on the First Amendment. It is by no means certain that he will prevail on this claim, since the First Amendment rights of prisoners are circumscribed and subject to reasonable restrictions dictated by the fact of their incarceration. See, e. g., *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974); *Procunier v. Martinez*, 416 U.S. 396, 404–14 & 422–28, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); *Paka v. Manson*, 387 F.Supp. 111 (D.Conn.1974). Nevertheless, the defendants have limited their challenge to the question of standing and with respect to the First Amendment claim,

it is manifest that Shaffery has the requisite personal stake in the outcome which enables him to litigate the question.

■ The allegations of Paragraphs 15a, 15b and 15c in the Third Cause of Action, which challenge procedures for intercepting and screening prisoners' mail, merit separate comment. The issues raised center on due process rights associated with the First Amendment right to communicate. See, e. g., *Procunier v. Martinez, supra*, 416 U.S. at 415–16, 94 S.Ct. 1800. While Shaffery lacks standing to complain of interference with the mail of New York prisoners to and from court, (¶ 15a) the same is not true of ¶ 15b and ¶ 15c. (As one whose efforts to communicate with New York prisoners have been blocked, he has standing to assert that the defendants do not inform prisoners of the rejection of mail addressed to them and that there are inadequate standards against which to judge the acceptability of prisoner correspondence.) These assertions, however, are entirely unsupported by factual allegations in the complaint or in any of Shaffery's submissions to the court, and in view of their speculative character, they, too, must be dismissed.

For the foregoing reasons the motion to dismiss is denied insofar as the complaint alleges violation of Shaffery's First Amendment right to communicate and propose association with prisoners in New York State for their mutual legal assistance. In all other respects the motion is granted, and the class allegations are stricken.

It is so ordered.