Stuart HALLAM, Petitioner,

v.

HOLLAND AMERICA LINE, INC.,
d/b/a Westours Motor Coaches,
Inc., Respondent.

No. S–9144.

Supreme Court of Alaska.

Aug. 3, 2001.

Stuart Aaron Hallam, Juneau, pro se.

Robert P. Blasco and Amy S. Gurton, Robertson, Monagle & Eastaugh, Juneau, for Respondent.

Before FABE, Chief Justice, EASTAUGH, and BRYNER, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

We consider here various procedural issues arising from a former employee's contract and Alaska Wage and Hour Act claims. We affirm the denial of class certification to Stuart Hallam as a pro se representative of the class, but remand for consideration of his undecided motion for class certification conditioned on obtaining counsel. Because there are genuine issues of material fact, we reverse the grant of summary judgment and remand for further proceedings. We also conclude that it was error to deny the motions to amend the complaint.

## II. FACTS AND PROCEEDINGS

Stuart Hallam was employed as a bus driver for Holland America Line, Inc. between May 10 and August 20, 1994. Hallam's employment agreement included an incentive program that provided a bonus based on the employee's safety record, job performance, and customer service. Although his last day of work was August 20, 1994, Hallam did not receive his final pay check until September 1,[1] and did not receive his incentive bonus until October 27. As Holland America concedes, Hallam did not receive his final paycheck from Holland America within the three-day time period prescribed by AS 23.05.140(b).[2]

Hallam filed a pro se complaint against Holland America in superior court on August 19, 1996 alleging (1) failure to pay overtime; (2) failure to pay for every hour worked; (3) failure to pay the final paycheck within three days of termination; (4) breach of contract for failure to pay overtime wages; and (5) breach of contract for failure to pay an incentive bonus as contracted. Hallam filed a motion to amend his complaint to allege four new claims on April 25, 1997.[3] Superior Court Judge Walter L. Carpeneti denied that motion, holding that the four new claims were barred by the statute of limitations because they did not relate back. Hallam also filed a motion for class certification. The court denied that motion because Hallam was not represented by counsel; the court then transferred jurisdiction to the district court.

Hallam filed a motion for reconsideration, arguing that AS 23.10.110(b) specifically allows pro se litigants to bring class actions. This motion was denied. Hallam then filed a motion with the district court seeking conditional certification of the class, with certification contingent on Hallam hiring an attorney. The court never decided Hallam's conditional class certification motion.

Holland America moved for summary judgment on Hallam's first, second, and fourth claims for relief, arguing that they were barred by the two-year statute of limitations. District Court Judge Peter B. Froehlich granted Holland America's motion for summary judgment over Hallam's opposition, and denied Hallam's motion for reconsideration. Superior Court Judge Larry R. Weeks denied Hallam's petition for review. Hallam then filed a motion for summary judgment on all of his claims for relief—including those which had been dismissed—reserving only his fifth claim.

---

1. Holland America alleges that the funds were made available on August 28, 1994, but concedes in its brief that "whether the funds were available on August 28th or September 1st is of no consequence, it being irrelevant to the legal questions before the court."

2. AS 23.05.140(b) provides:
 If the employment is terminated, all wages, salaries, or other compensation for labor or services become due immediately and shall be paid within the time required by this subsection.... If the employment is terminated by the employer, regardless of the cause for the termination, payment is due within three working days after the termination.

3. Hallam filed the amended complaint without the required motion for leave to amend on March 4, 1997.

Holland America filed a motion for summary judgment on Hallam's third and fifth claims, arguing that its failure to pay Hallam within three days of termination did not warrant a penalty. Hallam's opposition argued that Holland America's willful failure to pay wages within three days of termination justified a penalty. Holland America also moved for attorney's fees and costs. Hallam argued in opposition that the Alaska Wage and Hour Act did not allow defendants to collect attorney's fees and costs. Judge Froehlich granted Holland America's summary judgment motion, and awarded Holland America attorney's fees and costs.

Hallam then filed superior court petitions for review of the summary judgment issues. On November 9 Hallam sought reconsideration of the fees and costs award. Superior Court Judge Weeks issued an order advising Hallam that his petitions for review would be "consolidated and viewed by this Court as a timely appeal under Appellate Rule 602." On December 18 Hallam sought clarification of the court's December 11 order, inquiring whether the order made his motion for reconsideration of fees and costs part of the appeal. Judge Weeks denied the motion for clarification, and noted that "[t]he petitions for review are to be treated as an appeal and the appellee must file a responsive brief and appellant may reply." Judge Weeks later issued a memorandum and order addressing the claims raised by Hallam in his various motions. Hallam unsuccessfully moved for reconsideration on the issue of attorney's

fees and costs. Hallam then filed the present petition for hearing. We granted his petition and ordered full briefing.

### III. DISCUSSION

#### A. Standard of Review

 We review a grant of summary judgment de novo.[4] To succeed on summary judgment, the movant must establish that there "are no genuine issues of material fact and that it is entitled to judgment as a matter of law."[5] We draw all reasonable inferences in favor of the nonmoving party.[6] When there has been an appeal to the superior court as an intermediate court of appeal, we "approach the issues independently."[7] We review a denial of leave to amend for abuse of discretion,[8] reversing only if we are left with a definite and firm conviction that the lower court erred in its ruling.[9]

#### B. Although It Was Not Error to Deny Class Certification Where the Would–Be Class Representative Is Unrepresented, We Remand for Consideration of Hallam's Unresolved Motion for Conditional Class Certification.

 Judge Carpeneti denied Hallam's motion for class certification, reasoning that "the lack of qualified legal counsel could jeopardize the rights and interests of other class members." In reviewing the class certification question, Judge Weeks affirmed the denial of class certification,[10] reasoning that "[w]hile Hallam may adequately represent

4. See *Reeves v. Alyeska Pipeline Serv. Co.*, 926 P.2d 1130, 1134 (Alaska 1996).

5. *Id.* (citing *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1280 (Alaska 1985)).

6. *See id.* (citations omitted).

7. *Frontier Saloon, Inc. v. Short*, 557 P.2d 779, 781 (Alaska 1976) (citing *Jager v. State*, 537 P.2d 1100, 1106 (Alaska 1975); *State v. Marathon Oil Co.*, 528 P.2d 293, 298 (Alaska 1974)).

8. *See Betz v. Chena Hot Springs Group*, 742 P.2d 1346, 1348 (Alaska 1987).

9. *See id.*

10. This case is procedurally unusual. It began in the superior court, where Judge Carpeneti denied class certification. Because the denial of

class certification limited the potential recovery to an amount below the jurisdictional limits for superior court, Judge Carpeneti transferred the case to the district court. Hallam filed a motion for conditional certification in the district court. The district court did not rule on this motion, which Hallam filed the same day the district court granted summary judgment to Holland America. The superior court, Judge Weeks, reviewed the class certification issue on appeal from the district court. This review included a review of Judge Carpencti's initial order denying class certification. Because we have granted Hallam's petition for hearing and will independently review Judge Carpeneti's denial of class certification, we need not consider whether Judge Weeks had appellate jurisdiction over Judge Carpeneti's ruling.

his own interests pro se he cannot adequately represent the interests of others without an attorney." Hallam argues that this was error.

■ In affirming the denial of class certification, Judge Weeks relied on *Hertz v. Cleary*,[11] where we noted that a pro se plaintiff may not serve as a class representative because " '[a] basic requirement of all class actions is that the named plaintiff can fairly and adequately represent the class.' "[12] Because a class action may close off other avenues of redress for class members, counsel is necessary to provide the " 'qualifications and expertise' " necessary when a litigant takes on the important duty of representing a class.[13]

In an argument that fails to address the concerns identified in *Hertz*, Hallam asserts that AS 23.10.110 allows a pro se claimant to represent a class. Hallam relies on AS 23.10.110(b), which provides that "*[a]n action* to recover from the employer the wages and damages for which the employer is liable *may be maintained* in a competent court *by an employee personally and for other employees similarly situated*, or an employee may individually designate in writing an agent … to maintain an action." (Emphasis added.) He asserts that the emphasized language reveals a legislative intent to allow for pro se representation in Alaska Wage and Hour Act class action suits.

We disagree. Although Hallam's literal reading of the emphasized language is not completely implausible, it is at least equally plausible to read the statute as not even addressing the issue of pro se class representation. The words are consistent with a legislative assumption that employees suing "personally" would be represented by counsel. We think that it is highly improbable that the legislature meant to permit a pro se employee to act as the representative for a class of other employees, given the possibility that inadequate representation by the pro se representative would prejudice all class members' potentially meritorious claims. Given the legislature's silence about pro se class representation, and the strong public policy reasons noted in *Hertz* why pro se class representation is undesirable, we conclude that Judge Carpeneti correctly reasoned that an unrepresented litigant may not represent similarly situated employees under the Alaska Wage and Hour Act.

But Hallam also argues here, as he did below, that the court should have granted his July 31, 1998 motion for conditional class certification, giving him reasonable time to retain counsel to represent the class. If he were correct, the concerns we discussed in *Hertz* would not apply.

The district court did not rule on this motion, which Hallam filed on the same day the district court granted summary judgment to Holland America. Judge Weeks reviewed the conditional certification motion, but apparently treated it as part of the original motion for class certification. It therefore appears that the motion for conditional class certification has never been given independent consideration. Because we remand this case for other reasons, it is not necessary to decide whether it was error to fail to resolve Hallam's motion for conditional class certification. But if Hallam renews this motion on remand, it must be considered. On remand, the court may, in its discretion, grant conditional class certification.[14]

### C. *It Was Error to Deny Leave to Amend.*

■ Hallam argues that it was an abuse of discretion to deny his first and second motions for leave to amend his complaint.

**11.** 835 P.2d 438 (Alaska 1992).

**12.** *Id.* at 442 n. 3 (quoting *Shaffery v. Winters*, 72 F.R.D. 191, 193 (S.D.N.Y.1976)).

**13.** *Id.* (quoting *Shaffery*, 72 F.R.D. at 193).

**14.** Hallam alleges in his opening brief that Holland America's counsel, for the purposes of discouraging representation, communicated with an attorney willing to represent Hallam and the proposed class. Hallam implies that this contributed to his pro se status and should estop Holland America from opposing class certification for lack of representation. Although the district court may consider this alleged conduct in resolving the motion for conditional class certification, the policy concerns noted in Part III.B prevent the court from certifying a class if the would-be class representative will not be represented by counsel.

Leave to amend complaints under Alaska Civil Rule 15(a) is to be freely given.[15] The "court should first 'consider the request for leave to amend under [Civil Rule 15(a)] uninfluenced by whether, under Rule 15(c), the amendment would or would not relate back....'"[16] The defendant may then plead the statute of limitations, and the court may assess the plea in light of Rule 15(c).[17]

In light of the liberal policy allowing amendment, we hold that it was error to deny Hallam's motions to amend his complaint. We express no opinion as to whether the new claims will relate back.

### D. *Genuine, Material Fact Disputes Require that Holland America's Summary Judgment Be Set Aside.*

■ Hallam argues that it was error to grant summary judgment given genuine issues of material fact. The superior court reversed the district court's grant of summary judgment to Holland America on Hallam's overtime and bonus claims. The superior court, rather than remanding to determine damages, calculated the amount of overtime and the bonus that Hallam was entitled to and remanded to the district court with instructions to enter judgment for Hallam for $21.00 on the overtime claim and $68.53 on the bonus claim. Thus the superior court resolved, as a matter of law, the amount of overtime and incentive damages due to Hallam on remand. The superior court also affirmed the district court's grant of summary judgment on Hallam's remaining claims.

Hallam has demonstrated that there are genuine issues of material fact about Holland America's good faith and the amount of his performance bonus. Hallam's first claim is that Holland America incorrectly calculated his overtime by failing to include all hours worked over eight in a day and forty in a week. Thus an employee who worked nine hours on Monday, nine hours on Tuesday, ten hours on Wednesday, ten hours on Thursday, and six hours on Friday would receive overtime pay for one hour on Monday, one hour on Tuesday, two hours on Wednesday, two hours on Thursday, and would also receive overtime for four hours for the week, for a total of ten hours of overtime paid for a forty-four-hour work week. The superior court held that the "clear and unambiguous language" of the Alaska Wage and Hour Act requires this "pyramiding" of hours.

Holland America has asked the Alaska Department of Labor to issue a regulatory clarification excluding this interpretation of the statute. Holland America attached an internal memorandum from its legal department to a letter it sent to Ed Flanagan, the Deputy Commissioner of Labor. This memorandum acknowledged that "Judge Carpene[ ]ti in Juneau has ruled in an earlier case not involving HAL that our and the Department's interpretation is wrong. The statute is so poorly worded that one can easily see how this result could be achieved.... One alternative would be to rewrite (b)...." Hallam argues that this correspondence, when viewed in the light most favorable to him, allows an inference of bad faith because it demonstrates that Holland America knew that the statute had been interpreted to require pyramiding, but chose to ignore the requirement. We agree that such an inference is permissible, and hold that it was error to grant summary judgment given this issue of material fact.

Hallam has also demonstrated that there are genuine, material fact disputes concerning the amount of his incentive bonus. The superior court's calculation of Hallam's bonus presumes that Hallam had committed an infraction and had received a written warning. Hallam relies on the Gray Line Juneau Dispatch log for the day cited in the infraction notice to support his assertion that he was not assigned the pick-up that the notice cites him for missing. Drawing permissible inferences in Hallam's favor, there is a material

---

**15.** *See Magestro v. State,* 785 P.2d 1211, 1212 (Alaska 1990).

**16.** *Id.* (quoting *Estate of Thompson v. Mercedes–Benz, Inc.,* 514 P.2d 1269, 1271 (Alaska 1973)).

**17.** *See id.*

issue of fact whether Hallam's infraction notice was accurate.

Hallam also challenges Holland America's calculation of his customer service rating, which is based on comment cards that Holland America has not provided to Hallam. If Hallam on remand produces evidence that Holland America, for the purpose of defeating Hallam's claims, failed to produce or destroyed Hallam's comment cards, their absence would permit another inference in Hallam's favor.

Summary judgment was granted before discovery had closed, so other issues of material fact may develop before trial. We reverse the grant of summary judgment on these claims and remand for further proceedings.

 Because the issue of Holland America's good faith bears on the penalty issue, we also vacate the denial of a penalty. The court may revisit the penalty issue on remand if it finds a violation. We note that penalties under AS 23.05.140 [18] are not mandatory and that refusal to apply a penalty is within the trial court's discretion.[19] We also vacate the awards of attorney's fees and costs, because the remand moots this issue. We note that *Grimes v. Kinney Shoe Corp.*[20] and *Schorr v. Frontier Transportation Co*.[21] control recalculation of fees and costs for Alaska Wage and Hour Act claims involving work Hallam performed before August 20, 1995, his last day of employment with Holland America.[22]

**E.** *Hallam Did Not Preserve His Argument that AS 23.10.060 Is Unconstitutional.*

Hallam argues that amended AS 23.10.060 is unconstitutional because its application is retroactive. Hallam did not preserve this argument below, so we do not consider it.[23] Moreover, the sparse treatment of this argument in the briefs makes it unlikely that we would have considered it even had it been preserved.[24]

## IV. CONCLUSION

For these reasons, we REVERSE the grant of summary judgment, REVERSE the denial of the motion for leave to amend, and REMAND to the superior court with instructions to remand to the district court for further proceedings. On remand the district court should consider the motion for conditional class certification.

MATTHEWS and CARPENETI, Justices, not participating.

---

**18.** AS 23.05.140(d) provides:
> If an employer violates (b) of this section by failing to pay within [three working days after the termination], the employer may be required to pay the employee a penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount.

**19.** *See Klondike Indus. Corp. v. Gibson*, 741 P.2d 1161, 1171 (Alaska 1987) ("The award of a penalty under this section is within the sound discretion of the trial court. The court found no evidence that Beaux intentionally withheld wages due. Therefore, the court denied the penalty claim. We see no abuse of discretion here.").

**20.** 938 P.2d 997 (Alaska 1997).

**21.** 942 P.2d 418 (Alaska 1997).

**22.** *See Grimes*, 938 P.2d at 998–1001; *Schorr*, 942 P.2d at 419–23.

**23.** *See Moran v. Holman*, 501 P.2d 769, 769 n. 1 (Alaska 1972).

**24.** *See A.H. v. W.P.*, 896 P.2d 240, 243 (Alaska 1995) ("[Where] a point is given only cursory statement in the argument portion of a brief, the point will not be considered on appeal.") (citation omitted).