**Steve E. AMOS, Petitioner,**

v.

**STATE of Alaska, Respondent.**

No. S-9845.

Supreme Court of Alaska.

May 10, 2002.

As Corrected June 4, 2002.

95.  *Id.*

Darrel Gardner, Assistant Public Advocate, and Brant McGee, Public Advocate, Anchorage, for Petitioner.

Nancy R. Simel, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Respondent.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

### CORRECTED OPINION

EASTAUGH, Justice.

1. What remedy is appropriate if a criminal defendant's appointed appellate attorney fails to brief and argue the defendant's intended excessive sentence appeal along with his merit appeal? Because allowing the sentence appeal to go forward is the most effective use of judicial resources to correct counsel's failure, we vacate the order of the court of appeals denying the defendant's motions seeking an opportunity to brief his sentence appeal.

2. Steve Amos entered a plea of no contest to one count of first degree robbery and one count of first degree sexual assault on January 22, 1998. Several weeks later Amos's newly appointed public advocate filed a motion to withdraw Amos's plea. The superior court denied Amos's motion to withdraw his plea and sentenced him to twenty-five years in prison, fifteen for the sexual assault and ten for the robbery.

3. Amos commenced a combined merit and sentence appeal in the court of appeals on January 4, 1999. The docketing statement, notice of appeal, and statement of points on appeal all indicated that Amos intended to appeal the denial of his motion to withdraw his plea as well as the sentence imposed. But Amos's brief did not address the sentencing issue. In June 2000 Amos moved for leave to supplement his appeal with an argument that the sentence was excessive; he supported his argument with an affidavit from his lawyer, who stated that he had neglected to brief the sentencing issue because he was unaware that his client wished to appeal his sentence. The court of appeals denied the motion for leave to supplement Amos's appeal. Amos's lawyer filed a second affidavit to accompany Amos's motion for full-court reconsideration of the motion for leave to supplement. Counsel's sec-

ond affidavit revealed that Amos's file showed Amos's intent to challenge his sentence and admitted that The lawyer's own "excusable neglect" resulted in the failure to brief the sentencing issue. The court of appeals denied the motion to reconsider.

4. Amos filed a petition for hearing seeking reversal of the court of appeals's refusal to allow supplemental briefing on the sentencing issue.

■ 5. We hold that it was an abuse of discretion not to allow Amos to supplement his merit appeal with briefing on the sentencing issue.[1] Amos made out a colorable claim of ineffective assistance of appellate counsel when his appellate attorney admitted that he had failed to submit a sentence appeal as his client expected him to. Ineffective assistance claims must include evidence sufficient to overcome the strong presumption that the alleged error was a sound tactical decision.[2] In this case, the appellate attorney's second affidavit is conclusive evidence that his failure to brief the sentence appeal was the result of negligence, not tactics. The attorney admitted that upon reviewing his files, the docketing statement, the notice of appeal, the statement of points on appeal, the designation of transcript, the clerk's opening notice, and his own correspondence with Amos, Amos's intention to appeal his sentence was clear. The attorney further admitted that he "somehow failed to recognize that the brief should have included a sentencing argument." He concluded that

> the failure to brief the sentence issue on appeal resulted from counsel's excusable neglect. I certainly intended to brief the sentencing issue at the outset, and I never intended to abandon the issue by failing to brief the argument. Although in retrospect I understand how the error arose, I recognize the seriousness of the mistake

and assume full responsibility for its occurrence.

It is evident from the affidavit that Amos's appellate counsel was ineffective. It was therefore an abuse of discretion not to allow supplemental briefing.

■ 6. The only remaining issue is whether appellate counsel's ineffective assistance prejudiced Amos. Because that issue requires consideration of the merits of Amos's would-be sentence appeal, the best use of judicial resources is to remand to the court of appeals to allow Amos to present his sentence appeal, rather than to consign the issue to a separate post-conviction relief proceeding asserting ineffective assistance. We consequently GRANT the petition for hearing and VACATE the order denying Amos's motion seeking an opportunity to brief the sentence appeal and REMAND to the court of appeals.

MATTHEWS, Justice, dissenting.

Amos appealed on a merit issue and on the grounds that his sentence was excessive. His statement of points on appeal raised the same two issues. But his brief before the court of appeals only argued the merit issue. It met with partial success, for the court of appeals remanded the merit issue for further findings by the superior court while retaining jurisdiction of the appeal. After the superior court made findings on remand that were adverse to Amos, he sought leave in the court of appeals to brief the sentencing issue. The court denied this motion. I believe that the court did not abuse its discretion in doing so.

The appellate rules require that briefs actually discuss points raised on appeal; points that are not discussed are considered to be abandoned.[1] While a court in its discretion might allow an appellant to present an un-

---

1. We will determine that there was an abuse of discretion if, after considering the entire record, we are left with a definite and firm conviction that the lower court erred in its ruling. *See Hallam v. Holland America Line, Inc.*, 27 P.3d 751, 753 (Alaska 2001) (reviewing denial of leave to amend); *see also C.L. v. P.C.S.*, 17 P.3d 769, 771 (Alaska 2001) (reviewing motion to consolidate); *Reese v. Geiermann*, 574 P.2d 445, 446–47 (Alaska 1978) (reviewing motion for continuance).

2. *State v. Jones*, 759 P.2d 558, 569–70 (Alaska App.1988) (citation omitted).

1. Appellate Rule 212(c)(1)(i). *See also West v. Buchanan*, 981 P.2d 1065, 1075 n. 29 (Alaska 1999); *Gates v. City of Tenakee Springs*, 822 P.2d 455, 460 (Alaska 1991); *Petersen v. Mutual Life Ins. Co.*, 803 P.2d 406, 411 n. 8 (Alaska 1990); *Lewis v. State*, 469 P.2d 689, 691–92 n. 2 (Alaska 1970).

briefed point in a supplemental brief filed before a case is submitted for decision, I think the more usual action would be to deny such a request, especially if it were made after the appellee had prepared a responding brief. Here the request was made not only after the appellee had filed a responding brief, but after the case had been submitted for decision, after it was actually decided, and, for that matter, after it was decided on remand. Refusing to grant a request for supplemental briefing at this late stage, in my opinion, cannot be an abuse of discretion.

The court of appeals decision did not leave Amos without a remedy on his claim of inef-fective assistance of counsel. That claim can be litigated in an orderly fashion in collateral proceedings as is normally done in claims of ineffective assistance.[2] I would therefore either affirm the decision of the court of appeals or dismiss the petition as improvidently granted.

2. *See Barry v. State,* 675 P.2d 1292, 1295–96 (Alaska App.1984).