Stuart **HALLAM**, individually and as class representative, Appellant/Cross–Appellee,

v.

**HOLLAND AMERICA LINE, INC.**, Holland America Linewestours, Inc., and Westours Motor Coaches, Inc., Appellees/ Cross–Appellants.

Nos. S–12573, S–12584.

Supreme Court of Alaska.

April 18, 2008.

Rehearing Denied May 30, 2008.

John E. Casperson and William D. De Voe, Holmes Weddle & Barcott, Seattle, Washington, for Appellant and Cross–Appellee.

Stephen M. Rummage and Eric J. Jenkins, Davis Wright Tremaine LLP, Anchorage, for Appellees and Cross–Appellants.

Before: FABE, Chief Justice, MATTHEWS, and WINFREE, Justices.

## OPINION

FABE, Chief Justice.

## I. INTRODUCTION

Stuart Hallam, a former employee of the Holland America Line–Westours Company, appeals the superior court's dismissal of his class action, maintaining that (1) Holland America Line–Westours, Holland America Line–USA, and all of the companies' Alaska subsidiaries (Holland America) failed to pay adequate overtime compensation to employees, and (2) Holland America failed to timely pay compensation to terminated employees within three days, as required by AS 23.05.140(b). In light of the plain language of the statute, the legislature's unambiguous directives, and the case law, we affirm the superior court's dismissal of Hallam's claims.

## II. FACTS AND PROCEEDINGS

This case comes to us for a second time on appeal.[1] We summarized the facts and proceedings leading to Hallam's prior appeal as follows:

> Stuart Hallam was employed as a bus driver for Holland America Line, Inc. between May 10 and August 20, 1994. Hallam's employment agreement included an incentive program that provided a bonus based on the employee's safety record, job performance, and customer service. Although his last day of work was August 20, 1994, Hallam did not receive his final pay check until September 1, and did not receive his incentive bonus until October 27. As Holland America concedes, Hallam did

---

1. *See Hallam v. Holland Am. Line, Inc.*, 27 P.3d 751 (Alaska 2001).

not receive his final paycheck from Holland America within the three-day time period prescribed by AS 23.05.140(b).

Hallam filed a pro se complaint against Holland America in superior court on August 19, 1996 alleging (1) failure to pay overtime; (2) failure to pay for every hour worked; (3) failure to pay the final paycheck within three days of termination; (4) breach of contract for failure to pay overtime wages; and (5) breach of contract for failure to pay an incentive bonus as contracted. Hallam filed a motion to amend his complaint to allege four new claims on April 25, 1997. Superior Court Judge Walter L. Carpeneti denied that motion, holding that the four new claims were barred by the statute of limitations because they did not relate back. Hallam also filed a motion for class certification. The court denied that motion because Hallam was not represented by counsel; the court then transferred jurisdiction to the district court.

Hallam filed a motion for reconsideration, arguing that AS 23.10.110(b) specifically allows pro se litigants to bring class actions. This motion was denied. Hallam then filed a motion with the district court seeking conditional certification of the class, with certification contingent on Hallam hiring an attorney. The court never decided Hallam's conditional class certification motion.

Holland America moved for summary judgment on Hallam's first, second, and fourth claims for relief, arguing that they were barred by the two-year statute of limitations. District Court Judge Peter B. Froehlich granted Holland America's motion for summary judgment over Hallam's opposition, and denied Hallam's motion for reconsideration. Superior Court Judge Larry R. Weeks denied Hallam's petition for review. Hallam then filed a motion for summary judgment on all of his claims for relief—including those which had been dismissed—reserving only his fifth claim.

Holland America filed a motion for summary judgment on Hallam's third and fifth claims, arguing that its failure to pay Hallam within three days of termination did not warrant a penalty. Hallam's opposition argued that Holland America's willful failure to pay wages within three days of termination justified a penalty. Holland America also moved for attorney's fees and costs. Hallam argued in opposition that the Alaska Wage and Hour Act did not allow defendants to collect attorney's fees and costs. Judge Froehlich granted Holland America's summary judgment motion, and awarded Holland America attorney's fees and costs. [2]

Hallam appealed, and we reversed and remanded the case to the superior court for consideration of Hallam's "undecided motion for class certification conditioned on obtaining counsel." [3] We also noted "genuine, material fact disputes" surrounding "Holland America's good faith and the amount of [Hallam's] performance bonus." [4] Specifically, we determined that further discovery could be relevant to Hallam's claim that Holland America exercised bad faith by failing to provide Hallam with customer "comment cards," which had affected his bonus.[5] Finally, we held that the lower court should have granted Hallam leave to amend his complaint, although we took care to "express no opinion as to whether the new claims will relate back." [6]

On remand, Hallam retained counsel and filed an amended complaint that named as defendants both Holland America Line–Westours, Inc., and its parent corporation, Holland America Line, Inc. In his motion for class certification, Hallam included several categories of employees at the two companies as well as at "their Alaska subsidiaries." On September 24, 2002, the superior court granted Hallam's motion for class certification and allowed Hallam to amend his complaint. The superior court further held that

---

2. *Id.* at 752–53 (footnotes omitted).

3. *Id.* at 752.

4. *Id.* at 755.

5. *Id.* at 756.

6. *Id.* at 755.

all but one of Hallam's claims would relate back to the date of his original complaint.[7]

But the superior court denied Hallam's application to apply Judge Weeks's 1999 decision on the statutory overtime claim as the law of the case. Rejecting Hallam's pyramiding theory, Superior Court Judge Michael A. Thompson stated his disagreement with Judge Weeks's interpretation of AS 23.10.060 in an April 16, 2003 memorandum decision. Not long after the superior court's ruling in this case, we addressed a similar claim brought by Hallam against another employer, Alaska Travel Adventures.[8] In that case, we held that "precedent, legislative direction, agency interpretation, and policy considerations" supported the lower court's decision "rejecting pyramiding."[9]

On March 18, 2004, the superior court narrowed the class of employees entitled to seek penalties from Holland America and its subsidiaries for late payment of final wages. The court found that only employees who had made a demand for payment could claim penalties under AS 23.05.140. Otherwise, the court reasoned, the statute's three-day payment deadline should not apply since "[p]enalties for the failure to depart from regular established practice, without any request to do so, seem unjustified and an unlikely design of the Legislature." On August 2, 2004, the superior court granted Holland America's motion for summary judgment on Hallam's overtime claims.

Hallam and Holland America then reached a settlement, which resolved Hallam's remaining claims, including his allegations that the company had improperly destroyed records used to calculate employee bonuses. The settlement agreement nevertheless permitted Hallam to file this appeal challenging the superior court's rulings on his overtime and late payment claims.

## III. STANDARD OF REVIEW

We review de novo a superior court's dismissal of a complaint on summary judgment.[10] We have recognized that the law of the case doctrine "is not an absolute rule of law" but rather "a matter of sound judicial policy," and that it falls within "the power of one trial court judge to overrule another, in the proper exercise of judicial discretion."[11] We therefore review a lower court's decision to apply the law of the case doctrine for abuse of discretion.[12]

## IV. DISCUSSION

### A. The Law of the Case Doctrine Did Not Prevent Judge Thompson from Ruling Against Hallam on His Claim for Additional Overtime Pay.

Hallam's appeal focuses primarily on the superior court's rejection of "pyramiding"[13] as the proper basis for calculating overtime wages in Alaska. Hallam contends that because Holland America failed to appeal Judge Weeks's ruling on the merits of that claim, Judge Thompson was not permitted to depart from Judge Weeks's analysis

---

7. The superior court held that Hallam's challenge to Holland America's practice of charging employees a uniform fee did not relate back to the date of his original complaint but rather to the date on which Hallam sought to add that claim with his amended complaint.

8. See Hallam v. Alaska Travel Adventures, Mem. Op. & J. No. 1173, 2004 WL 1535161 (Alaska, July 7, 2004).

9. Id. at *5.

10. West v. Umialik Ins. Co., 8 P.3d 1135, 1137 (Alaska 2000).

11. West v. Buchanan, 981 P.2d 1065, 1067 (Alaska 1999).

12. See Stepanov v. Gavrilovich, 594 P.2d 30, 36 (Alaska 1979).

13. An example best illustrates Hallam's theory. If an employee works nine hours on Monday, followed by eight hours per day Tuesday through Friday, for a total of forty-one hours, Hallam argues that the employee should receive two hours of overtime pay—one for working in excess of eight hours on Monday plus one for working in excess of forty hours during the week. Holland America, by contrast, argues that the hour exceeding the forty hour per week limit is the same as the hour exceeding the daily eight hour limit, and therefore Hallam is "double-counting" the same overtime work. We have previously endorsed Holland America's view. See Alaska Travel Adventures, 2004 WL 1535161.

without finding that it presented "a clear error constituting a manifest injustice." [14]

■ Although Hallam argues to the contrary, the law of the case doctrine implicates a court's discretion. In our prior decisions, we have defined the doctrine as "a matter of judicial policy," which "describes the practice of courts generally to refuse to reopen what has been decided, but does not limit their power to do so." [15] And where a judge newly assigned to a case reverses the ruling of the formerly presiding judge, as Judge Thompson did in this case, we have determined that "the doctrine of law of the case is inapplicable." [16]

In any event, several factors justify Judge Thompson's reversal of Judge Weeks's ruling. Hallam cannot point to a single jurisdiction that has ever adopted his pyramiding theory. The relevant case law, now and before Judge Thompson's decision, undermines his theory.[17] And the legislature enacted a 1999 law in the wake of Judge Weeks's decision stating its "intent" to "override the superior court's decision in *Hallam v. Holland America Line, Inc.*" because "the court in that case misinterpreted the intent of AS 23.10.060(b)." [18]

In *Alaska Travel Adventures*, we signaled our agreement with the legislature, explaining that "the Alaska Department of Labor's longstanding interpretation of the statute has precluded pyramiding," and that "precedent, legislative direction, agency interpretation, and policy considerations . . . persuade us that the superior court did not err when it granted [Alaska Travel Adventures] sum-

mary judgment on the pyramiding claim." [19] Hallam dismisses *Alaska Travel Adventures* because the case "was not published, has no precedential effect, and may not be cited." Unpublished decisions may still have persuasive value, however, and Hallam has failed to demonstrate any grounds that might lead us to distinguish the rationale for our decision in *Alaska Travel Adventures*.[20]

## B. Hallam's Contract–Based Claim for Overtime Pay Fails for the Same Reasons as His Statutory Claim.

■ Hallam attaches a variation of his overtime claim to the particular language of Holland America's employment contract. Specifically, he argues that even if Judge Thompson correctly ruled that the overtime statute entitles Hallam to no relief, language in Holland America's standard form employment contract, when construed in favor of Hallam and the class, supports the pyramiding claim. Holland America's employment contract states:

> I agree by signing this contract, to work for Westours for the basic wage of $8.00 per hour. This wage is for straight time for the first eight (8) hours per day, the first forty (40) hours of each week. I understand that my assignments may result in my working more or less than eight (8) hours per day or forty (40) hours per week. I will only be paid for actual hours worked. For any hours in excess of eight (8) hours in a day or forty (40) in a week, overtime compensation will be paid at 1.5

14. *Petrolane Inc. v. Robles*, 154 P.3d 1014, 1026 (Alaska 2007).

15. *Smith v. Cleary*, 24 P.3d 1245, 1248 (Alaska 2001) (quoting *West v. Buchanan*, 981 P.2d at 1067).

16. *Hayes v. Xerox Corp.*, 718 P.2d 929, 934 (Alaska 1986).

17. *See, e.g., Piquniq Mgmt. Corp. v. Reeves*, 965 P.2d 732, 733 n. 1 (Alaska 1998) (employing overtime computation that does not rely on pyramiding); *Monzon v. Schaefer Ambulance Serv., Inc.*, 224 Cal.App.3d 16, 273 Cal.Rptr. 615, 627 (1990) (rejecting pyramiding under California law because of its "absurd consequence[s]").

18. Ch. 43, § 1, SLA 1999.

19. 2004 WL 1535161, at *4–5.

20. *See* Alaska Supreme Court Order No. 1654 (April 15, 2008) (amending Alaska Rule of Appellate Procedure 214(d) and providing that "[i]f a party believes . . . that an unpublished decision has persuasive value in relation to an issue in the case, and that there is no published opinion that would serve as well, the party may cite the unpublished opinion"); *McCoy v. State*, 80 P.3d 757, 759 (Alaska App.2002) (noting the appropriate use of unpublished opinions as persuasive precedent in addition to "such purposes as collateral estoppel, res judicata, or law of the case").

times the basic rate which will be $12.00 per hour.

Hallam argues that this language "clearly and unambiguously required overtime compensation for any hours in excess of forty hours in a week."

The same factors that control our analysis of the statutory overtime provision apply here as well. Hallam emphasizes the contract's reference to "straight time" and attempts to parse the meaning of particular phrases in the contract to support his claim. But we have held that a court should construe each part of a contract with every other part to create a harmonious whole.[21] And such a construction, along with the context and function of Holland America's employment contract, leads us to interpret it in the same manner as the overtime statute whose language it resembles. Hallam's alternative interpretation does not comport with the reasonable expectations of the thousands of people employed by Westours between 1990 and 1998. And indeed, Hallam gives no indication that any other Holland America employees read their employment contracts to promise pyramiding of overtime hours.

### C. The Superior Court Correctly Rejected Hallam's Claim for Damages Under AS 23.05.140.

■ Hallam alleges that Holland America failed to pay seasonal bonuses to him and other members of the class within the statutorily prescribed period, thereby entitling them to damages. He relies on AS 23.05.140 and its directive that employers pay terminated employees within three working days to support his claim for damages.[22] Hallam argues that Judge Thompson erred in reading the pay period statute to require that employees make a "demand" for wages in order to maintain a claim under the statute.

Alaska Statute 23.05.140 mandates that where an employer terminates a worker, "regardless of the cause for the termination, payment is due within three working days after the termination."[23] The statute proceeds to define the penalty for an employer "failing to pay within the time required" as "the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount."[24] Hallam argues that Holland America paid seasonal bonuses to him and to other employees long after the statutorily mandated three days had passed.[25] Consequently, he seeks damages for a class defined as employees who did not receive timely final bonus paychecks.

We agree with the superior court's conclusion that AS 23.05.140 affords Hallam no relief. The superior court ruled that Hallam and the other class members "could not bring" claims under AS 23.05.140 unless they had made a demand, reasoning that it would be "unjustified" to penalize Holland America based on the company's "regular established practice" of paying bonuses in the fall and beyond three days after the end of the summer tourist season absent a demand for earlier payment. Here, it is important to note that Holland America did not withhold hourly wages beyond three days after Hallam's termination. Instead it paid a bonus in accordance with a straightforward contractual term providing for that "incentive bonus" to be paid "by October 31st." That contract term does not implicate the interests that the legislature sought to protect in enacting AS 23.05.140. Thus, the trial court did not err in its determination that Hallam and the class members were required at the least to make

---

21. *See, e.g., Earthmovers of Fairbanks, Inc. v. State*, 644 P.2d 238, 239–40 (Alaska 1982).

22. AS 23.05.140(b) provides:

    If the employment is terminated, all wages, salaries, or other compensation for labor or services become due immediately and shall be paid within the time required by this subsection.... If the employment is terminated by the employer, regardless of the cause for the

termination, payment is due within three working days after the termination.

23. *Id.*

24. AS 23.05.140(d).

25. Holland America's employment contract with Hallam and other employees states that "[i]ncentive compensation will be paid by October 31, 1994."

a demand for premature payment of the seasonal bonus.[26]

## V. CONCLUSION

For the reasons detailed above, we AFFIRM the judgment of the superior court.

EASTAUGH and CARPENETI, Justices, not participating.

---

**26.** Because the parties settled the late payment claims with respect to those employees who did make a demand, we do not address those claims.