NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRYAN HANEY; SAM HOGUE,

Plaintiffs-Appellants,

v.

HUGHIE R. BLAKE; et al.,

Defendants-Appellees.

No.    17-35590

D.C. No. 2:15-cv-01347-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted August 27, 2019[**]
Seattle, Washington

Before:  McKEOWN and BYBEE, Circuit Judges, and GAITAN,[***] District Judge.

Bryan Haney and Sam Hogue appeal the district court's judgment in their

admiralty action against Appellees.  Haney and Hogue alleged that they were

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

entitled to additional pay for work performed aboard Appellee Hughie Blake's fishing vessels in Prince William Sound. After a three-day bench trial, the district court awarded Hogue $1,600.15 on his wage claim. The district court found that Appellees were entitled to judgment on Haney's wage claim, but that Haney was entitled to judgment in the amount of $10,000 on his claim for breach of contract. Haney and Hogue appeal, challenging the district court's (1) calculation of the rate of pay under 46 U.S.C. § 11107, (2) conclusion that 46 U.S.C. § 11109 did not prohibit the parties from entering into voluntary agreements to pay debts from wages, (3) conclusion that Appellants were not entitled to punitive damages or penalty wages; and (4) failure to award attorneys' fees, costs, and prejudgment interest to Appellants. We affirm on the merits but vacate and remand for further consideration as to whether prejudgment interest should be awarded and, if so, the amount.

1.      Appellants argue that the district court erred in using a 9% rate in calculating their wages due, as they argue that Appellees paid another crewman, Jim Nulph, at rates of 10.8% and 11.7% at relevant times. Appellants argue that in calculating their wages pursuant to 46 U.S.C. § 11107, the court should have used these higher rates of pay instead of the oral contract rate of 9%. The district court found, however, that Nulph's wages were also calculated at 9%; the extra percentages paid to Nulph were attributable to lease agreements made between

Nulph and Blake and did not constitute wages. The district court's findings of fact on this issue are not clearly erroneous. *See Crowley Marine Servs., Inc. v. Maritrans, Inc.*, 530 F.3d 1169, 1173 (9th Cir. 2008).

2. Haney argues the district court erred in concluding that 46 U.S.C. § 11109(b) did not prohibit Haney from entering into voluntary agreements with Blake to pay debts from his wages. We review findings of law de novo. *Crowley*, 530 F.3d at 1173. We agree with the district court that Section 11109(b) does not prohibit such agreements. Instead, Section 11109(b) provides that in certain circumstances such agreements are not binding. *See Escobar v. S.S. "Washington Trader"*, 640 F.2d 1063, 1065-66 (9th Cir. 1981) (finding in a different statutory context that a seaman could voluntarily agree to have his wages advanced against expenses). Moreover, the district court did not err in finding that Haney had entered into such agreements with Blake, which operated to offset any wages owed to him. Thus, we find no error. *Crowley*, 530 F.3d at 1173.

3. Appellants assert error in the district court's failure to award punitive damages or penalty wages. The trial court's factual findings in support of an award of punitive damages are reviewed for clear error. *See In re Wolverton Associates*, 909 F.2d 1286, 1297 (9th Cir. 1990). The district court concluded, based on the facts presented, that "even if [punitive damages] were available, they would not be warranted." This conclusion is not clearly erroneous. With respect

to state law penalty statutes, Appellants have failed to conduct a choice of law analysis or to set forth evidence in the record which would support a finding of bad faith or willful violations on the wage claims. *See Hallam v. Holland Am. Line, Inc.*, 27 P.3d 751, 756 (Alaska 2001) (citing Alaska Stat. § 23.05.140(d)) (finding the penalty under Section 23.05.140(d) to be discretionary and only available if the court finds bad faith); Wash. Rev. Code § 49.52.050(2) (imposing damages only if the employer's conduct was willful). The district court committed no error here.

4. Appellants argue the district court erred in failing to award attorneys' fees, costs, and prejudgment interest to Haney and Hogue. Denials of attorneys' fees, costs, and prejudgment interest are reviewed for abuse of discretion. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (attorney's fees); *Edinburgh Assur. Co. v. R.L. Burns Corp.*, 669 F.2d 1259, 1263 (9th Cir. 1982) (prejudgment interest); *Subscription Television, Inc. v. S. Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978) (costs). Attorneys' fees are not awarded as a matter of course in admiralty claims; instead, they are awarded, if at all, "when the shipowner acted arbitrarily, recalcitrantly, or unreasonably." *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 635 (9th Cir. 2002). The district court did not abuse its discretion in finding no such showing. Nor did the district court abuse its discretion in denying costs. *See Subscription Television*, 576 F.2d at 234. However, in admiralty cases, prejudgment interest must be granted unless peculiar

circumstances justify its denial. *See Dillingham Shipyard v. Associated Insulation Co., Ltd.,* 649 F.2d 1322, 1328 (9th Cir. 1981). Failure to articulate a reason for denying prejudgment interest is an abuse of discretion. *Edinburgh*, 669 F.2d at 1263. Although Appellees argue that Haney and Hogue waived their claim for prejudgment interest by failing to draw it to the district court's attention, the Complaint states: "Plaintiff is entitled to interest at the highest rate allowed by law." In addition, Haney specifically requested the district court award him prejudgment interest with respect to his breach of contract claim. Given that the district court did not articulate a reason for denial of prejudgment interest, the district court abused its discretion.

Therefore, the judgment is vacated and remanded as to prejudgment interest and affirmed in all other aspects. Each party shall bear its own costs on appeal.

17-35590